## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE J. EVANS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00634-CG-N |
| | ) | |
| JUDGE STEELE, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the applications for entry of default judgment against each of the Defendants under Federal Rule of Civil Procedure 55 (Docs. 8 – 16) filed by Plaintiff Jamie J. Evans, proceeding *pro se*.[1]  Under S.D. Ala. GenLR 72(b), the applications have been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S).  Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Evans's applications for entry of default judgment be **DENIED**.

In this Circuit, "default judgments are disfavored. Courts prefer adjudication on the merits.  Since this case involves a default judgment there must be strict

---

[1] The applications have actually been made on forms promulgated by the State of Alabama for use in its circuit and district courts.  These forms expressly reference Alabama Rule of Civil Procedure 55(b), which is inapplicable in federal district courts.  *See* Fed. R. Civ. P. 1 (subject to certain inapplicable exceptions, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts…").  However, because a "document filed *pro se* is to be liberally construed," *e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the undersigned treats the applications as being brought under Federal Rule of Civil Procedure 55.

compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) (internal citation omitted). *See also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (per curiam) ("Because of our 'strong policy of determining cases on their merits," … default judgments are generally disfavored." (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003))). " 'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.' " *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

As proof of service of the Defendants, Evans has filed a single United States Postal Service certified mail receipt from a package addressed to all Defendants at the United States Courthouse at 113 St. Joseph Street, Mobile, Alabama.   (*See* Doc. 7 at 2).   The receipt is signed as accepted by Defendant Hollis G. Wilson as "agent" of the addressees on December 30, 2015.   (*See id.*).   Evans declares "under penalty of perjury" that he served the summons on Defendant Shannon Davison, who he states "is designated by law to accept service of process on behalf of United States District Court Southern District of Alabama on 12/30/15 or 1/4/2016."   (*Id.* at 1).

A review of Evans's pleadings (Docs. 1, 3) reveals that all of the Defendants are officers and employees of the United States (i.e. judges of this Court, employees of the Office of the Clerk of Court, and members of the United States Marshal's

Service).   Federal Rule of Civil Procedure 4(i), governing service of the United States and its agencies, officers, and employees, provides:

> **(1)** *United States.* To serve the United States, a party must:
>
> > **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> >
> > **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> >
> > **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > …
>
> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve … a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Evans does not specify whether the Defendants are being sued in their official capacities, their individual capacities, or both.   Assuming it is both, Evans is required under Rule 4(i)(3) to serve each Defendant "under Rule 4(e),"[2] which provides for service by:

---

[2] Rules 4(f) (governing service of individuals in foreign countries) and 4(g) (governing service of minors and incompetent persons) are inapplicable here.

3

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

    **(A)** delivering a copy of the summons and of the complaint to the individual personally;

    **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[3]

Evans's proof of service (Doc. 7) indicates that only Defendants Shannon Davison and Hollis G. Wilson have been personally served with copies of the summons and complaint, in accordance with Rule 4(e)(2)(A). There is no proof, however, that any of the other Defendants have been served in accordance with Rule 4(e). The United States Courthouse to which Evans mailed process to all Defendants is not a "dwelling or usual place of abode" under Rule 4(e)(2)(B), and neither Davison, an employee with the Office of the Clerk of Court, nor Wilson, a security officer for the Court, is "an agent authorized by appointment or by law to receive service of process" on behalf of any of the other Defendants under Rule 4(e)(2)(C).

Moreover, in order to serve the Defendants in this action, Evans is also required to "serve the United States" in accordance with Rule 4(i)(1). *See* Fed. R. Civ. P. 4(i)(2)-(3). However, there is no proof on the record that he has done so.

---

[3] Alabama Rule of Civil Procedure 4(c)(1), governing service on individuals, is substantially similar to Federal Rule of Civil Procedure 4(e)(2).

*See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("The plain language of Rule 4(i) of the Federal Rules of Civil Procedure requires that, in order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States … [N]othing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether.   Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."); *Laurent v. Potter*, 405 F. App'x 453, 454 (11th Cir. Dec. 20, 2010) (per curiam) (unpublished) ("Service of the United States, in relevant part, requires the following: (1) delivering a copy of the summons and complaint to the U.S. Attorney for the district where the action originated, or to an AUSA whom the U.S. Attorney designated in writing; and (2) mailing by registered or certified mail a copy of the summons and complaint to the Attorney General in Washington, D.C.   [Fed. R. Civ. P.] 4(i)(1).   Service of an official requires sending a copy of the summons and the complaint by registered or certified mail to the official.   *Id.* 4(i)(2). 'A defendant's actual notice is not sufficient to cure defectively executed service.' *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).") (affirming district court's dismissal of *pro se* complaint for failure to effectuate service on U.S. Postmaster General, even where the Postmaster General "may have had actual notice of the pending suit").   As such, none of the Defendants are yet required to defend in this action.   *See* Fed. R. Civ. P. 12(a)(2) ("The United States, a United States agency, or a United States officer or

employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.") & 12(a)(3) ("A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.").

Because none of the Defendants have been sufficiently served in this action in accordance with Rule 4(i), this Court lacks jurisdiction to enter judgment against any of them.   Additionally, because none of the Defendants is yet required to defend in this action, default judgment under Rule 55 is unwarranted at this time.   *See Surtain*, 789 F.3d at 1244 ("When a defendant has failed to plead or defend, a district court may enter judgment by default." (citing Fed. R. Civ. P. 55(b)(2))).   Accordingly, the undersigned **RECOMMENDS** that Evans's applications for entry of default judgment (Docs. 8 – 16) be **DENIED**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's

findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of January 2016.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

7